STATE OF INDIANA
ALLEN COUNTY

| | |
|---|---|
| Sarah Rodrigues,<br><br>Plaintiff,<br><br>– against–<br><br><br>Global Credit & Collection Corporation, and Stenger & Stenger, P.C.,<br><br>Defendant(s). | Civil Action No. 1:17-cv-405<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Sarah Rodrigues (hereinafter "Plaintiff"), by and through her attorney, Andrew Homan, by way of Complaint against Defendants, Global Credit & Collection Corporation ("Global"), and Stenger & Stenger, P.C. ("Stenger"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and breach of the implied covenant arbof good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Sarah Rodrigues, is an adult citizen of the State of Indiana.

1

3. Defendant, Global, is a business entity with its principal place of business located at 5440 N Cumberland Avenue, Suite 300, Chicago, IL 60656. The principal business purpose of Global is the collection of debts using the mails and telephone, and Global regularly attempts to collect debts alleged to be due to another.

4. Defendant, Stenger, is a business entity with its principal place of business located at 2618 E Paris Avenue SE, Grand Rapids, MI 49546. The principal business purpose of Stenger is the collection of debts using the mail and telephone, and Stenger regularly attempts to collect debts alleged to be due to another.

5. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendants attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases originally owed to Credit One Bank, National Association.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

9. On or about January 20, 2017, Plaintiff and Global, on behalf of LVNV Funding, LLC ("LVNV"), entered into a settlement agreement for Plaintiff's LVNV account ending in 7045. A redacted copy of the settlement agreement is attached herein as Exhibit A.

2

10. Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $651.43 to settle and close her LVNV account.

11. Thus, Defendants acknowledged in writing that they have agreed to a settlement of Plaintiff's Global account ending in 7045, in consideration for the payments which Plaintiff would be required to make.

12. Plaintiff via her debt settlement company, National Debt Relief ("NDR"), timely made the requisite settlement payments.

13. However, Global never withdrew these electronic payments from Plaintiff's trust account. A redacted statement of Plaintiff's trust account balances during the relevant time period is attached hereto as Exhibit B.

14. Although the funds were made available for Global, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

15. Thereafter, on February 17, 2017, NDR contacted Global to resolve the payment discrepancy. A Global representative named Gretchen explained that Plaintiff's account was no longer with Global.

16. On April 3, 2017, NDR was advised by LVNV that Plaintiff's account was transferred to Stenger.

17. On April 10, 2017, NDR contacted Stenger to resolve the payment discrepancy. A Stenger representative named Jessica explained that Stenger would not honor the prior settlement agreement.

18. Global's reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

3

19. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have acted in compliance with the FDCPA, but failed to do so.

20. Defendants failed to adequately review their actions to ensure compliance with the FDCPA.

21. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. Global acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

25. The settlement agreement constituted a legally binding contract.

26. Plaintiff timely made the requisite payments, in accordance with the settlement agreement.

27. However, Global refused to accept any of the requisite payments.

28. Global's reneging on the settlement agreement with Plaintiff was a breach of contract.

29. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

31. Global owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between Global and Plaintiff.

32. By way of the foregoing conduct, Global breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

33. Global has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

34. As a result of Global's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

35. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

36. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

38. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

39. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

40. Global violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and which they intended to breach, and did breach.

41. Stenger violated the FDCPA by refusing to honor the prior settlement agreement and attempting to deceptively recover additional monies from Plaintiff.

42. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the FDCPA.

43. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Global for actual and monetary damages accrued by Plaintiff as a result of Global's breach of contract;

(b) That judgment be entered against Global for actual and monetary damages accrued by Plaintiff as a result of Global's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Andrew Homan
Andrew Homan, Esquire (Bar No. 31823-49)
andrew@homanlegal.com
*Counsel for Plaintiff*